IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMON E. WARREN, | No. C 02-5779 SBA (PR) |
| Petitioner, | **ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT** |
| v. | |
| D. L. RUNNELS, Warden, | (Docket no. 41) |
| Respondent. | |

## INTRODUCTION

Petitioner Carmon E. Warren, a state prisoner, filed this pro se motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. On March 7, 2005, this Court dismissed his petition as untimely and entered judgment in favor of Respondent. In 2007, the Ninth Circuit Court of Appeals affirmed that decision.

Petitioner now seeks relief from this Court's March 7, 2005 judgment on the ground that he was denied effective assistance of counsel during post-conviction proceedings before the Ninth Circuit. In an Order dated January 14, 2011, this Court granted Respondent leave to file a response to Petitioner's motion. On February 7, 2011, Respondent filed an opposition to Petitioner's motion for relief from judgment. Petitioner's reply to the opposition was due on April 7, 2011; however, he did not file a reply.

For the reasons outlined below, the Court DENIES Petitioner's motion for relief from judgment.

## BACKGROUND

On March 22, 1999, an Alameda County jury found Petitioner guilty of second-degree robbery with a firearm enhancement. On May 21, 1999, the Alameda County Superior Court sentenced Petitioner to nineteen years in prison.

On direct appeal, the California Court of Appeal affirmed the trial court's judgment in an

unpublished opinion filed on September 19, 2000. Petitioner did not file a petition for review in the California Supreme Court. The appellate court opinion therefore became final on October 29, 2000. See Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002) (limitation period began running day after time to seek discretionary review of California Court of Appeal's decision in the Supreme Court of California expired, which was forty days after the appellate court filed its opinion) (citing Cal. Rules of Court 24(a), 28(b), 45(a); Cal. Civ. Proc. Code § 12a).

On September 20, 2001, Petitioner filed a petition for a writ of habeas corpus in the Alameda County Superior Court. That superior court denied his petition on September 27, 2001. Petitioner then filed a petition for a writ of habeas corpus in the California Court of Appeal on October 24, 2001. The appellate court denied his petition on October 26, 2001. Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court on January 29, 2002. The state supreme court denied his petition on July 31, 2002. Petitioner filed another petition for a writ of habeas corpus in the California Supreme Court on January 15, 2004, and that petition was denied on September 15, 2004.

On December 12, 2002, Petitioner filed his federal habeas petition in this Court. As mentioned above, on March 7, 2005, the Court granted Respondent's motion to dismiss the petition as untimely, and entered judgment in favor of Respondent. On April 6, 2006, Petitioner filed his notice of appeal as well as a motion for a certificate of appealability. On January 6, 2006, Petitioner filed an amended motion for a certificate of appealability. On June 26, 2006, the Court granted Petitioner's motion for a certificate of appealability.

On August 14, 2006, Petitioner filed an Informal Opening Brief with the Ninth Circuit. (Resp't Opp'n to Mot. for Relief from J., Ex. A, Ninth Cir. Doc. no. 7.) Respondent's opposing brief was filed on September 13, 2006. (Id., Ninth Cir. Doc. no. 10.) On October 23, 2006, Petitioner filed his reply brief. (Id., Ninth Cir. Doc. no. 15.)

On October 20, 2006, the Ninth Circuit granted Petitioner's motion for appointment of appellate counsel. (Id., Ninth Cir. Doc. no. 35.) On November 5, 2006, the Ninth Circuit appointed Attorney Barry L. Morris as Petitioner's appellate counsel. (Id., Ninth Cir. Doc. no. 36.)

On March 23, 2007, the Ninth Circuit granted Petitioner's counsel leave to late-file a

substitute appellant's brief.  (Id., Ninth Cir. Doc. no. 23.)  Four days later, on March 27, 2007, Petitioner filed a pro se motion for appointment of substitute counsel.  (Id., Ninth Cir. Doc. no. 24.)  On May 1, 2007, the Appellate Commissioner filed an Order declining to entertain Petitioner's pro se motion on the grounds that Petitioner had been appointed an appellate counsel and that only his counsel should file motions.  (Id., Ninth Cir. Doc Nos. 25, 31.)  The May 1, 2007 Order also directed Attorney Morris to confer with Petitioner and file a response to his pro se motion within fourteen days.  (Id., Ninth Cir. Doc. no. 31.)  On May 4, 2007, Respondent filed a brief in response to Petitioner's substitute appellant's brief.  (Id., Ninth Cir. Doc. no. 32.)  On May 16, 2007, the Court granted Attorney Morris's motion for a fourteen-day oral extension to file a reply brief.  (Id., Ninth Cir. Doc. no. 33.)

On June 5, 2007, the Appellate Commissioner filed an Order noting that Attorney Morris had not complied with the commissioner's May 1, 2007 Order.  (Id., Ninth Cir. Doc. no. 34.)  The Court gave Attorney Morris an additional fourteen days within which to comply with that order and warned counsel that "[f]ailure to respond timely to this order may result in the imposition of sanctions on counsel," including ineligibility to receive Criminal Justice Act appellate appointments and compensation for his representation.  (Id.)  On June 19, 2007, Petitioner's appointed counsel filed his response with the Appellate Commissioner.  (Id., Ninth Cir. Doc. no. 36.)

On July 3, 2007, the Appellate Commissioner filed another Order stating that on the basis of the June 19, 2007 response by Attorney Morris, the court would take no further action on its May 1, 2007 and June 5, 2007 Orders.  (Id., Ninth Cir. Doc. no. 38.)  Attorney Morris was also granted an additional fourteen days to file an optional reply brief.  (Id.)  No reply brief was ever filed.

On August 7, 2007, Petitioner's appeal was calendared for oral argument on October 18, 2007.  (Id., Ninth Cir. Doc. no. 41.)  Three weeks later, the Ninth Circuit ordered that the case be submitted on the briefs.  (Id., Ninth Cir. Doc. no. 43.)  A memorandum disposition was filed on October 22, 2007.  (Id., Ninth Cir. Doc. no. 47.)  The Ninth Circuit affirmed this Court's March 7, 2005 dismissal of the petition as untimely.  The mandate was issued on November 16, 2007.  (Id., docket no. 49.)  On December 10, 2007, the Ninth Circuit received Petitioner's pro se petition for panel rehearing/rehearing en banc but concluded that his petition was "[d]eficient" and "late"

because the mandate had already been issued. (Id., Ninth Cir. Doc. no. 51.)

On December 15, 2008, Petitioner filed another motion in the Ninth Circuit requesting appointment of new counsel. (Id., Ninth Cir. Doc. no. 53.) The Ninth Circuit took no action on that motion. On July 13, 2009, Petitioner filed a motion requesting reconsideration and permission to late-file a petition for panel rehearing/rehearing en banc. (Id., Ninth Cir. Doc. no. 56.) The Ninth Circuit filed an Order on July 27, 2009, stating, "Petitioner's motion for reconsideration, received by the Court on July 13, 2009, is denied as untimely. The mandate in this appeal issued on November 16, 2007. No further motions will be entertained." (Id., Ninth Cir. Doc. no. 57.)

Thereafter, Petitioner filed the present motion for relief from judgment.

## **LEGAL STANDARD**

Rule 60(b) lists six grounds for relief from a judgment. Such a motion must be made within a "reasonable time," and as to grounds for relief (1) - (3), no later than one year after the judgment was entered. See Fed. R. Civ. P. 60(b). A Rule 60(b) motion does not affect the finality of a judgment or suspend its operation. See id. Therefore, a party is not relieved of its obligation to comply with the court's orders simply by filing a Rule 60(b) motion. See Hook v. Arizona Dep't of Corrections, 107 F.3d 1397, 1404 (9th Cir. 1997).

Rule 60(b) provides for reconsideration only upon a showing of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir.1993). Rule 60(b) provides a mechanism for parties to seek relief from a judgment when "it is no longer equitable that the judgment should have prospective application," or when there is any other reason justifying relief from judgment. Jeff D. v. Kempthorne, 365 F.3d 844, 853-54 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)). Rule 60(b) is not intended to remedy the effects of a deliberate and independent litigation decision that a party later comes to regret through second thoughts or subsequently gained knowledge. Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1099 (9th Cir. 2006) (denying

reconsideration to a party who had settled and then discovered that her attorney had made legal errors in advising her to settle).

Rule 60(b)(6) is a "catchall provision" that applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. Samish Indian Tribe v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005). "It has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id. (internal quotations omitted). Thus, to reopen a case under Rule 60(b)(6), a party must establish "both injury and circumstances beyond his control that prevented him from proceeding in a proper fashion." Id. (internal quotations omitted). Mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief. Twentieth Century - Fox Film Corp., 637 F.2d at 1341. Gross negligence by an attorney does not warrant reconsideration pursuant to Rule 60(b)(6), unless the gross negligence leads to default judgment. See Latshaw, 452 F.3d at 1102-03 (citing Community Dental Services v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002)); see also Lal v. California, 610 F.3d 518, 524-25 (9th Cir. 2010) (gross negligence that results in a dismissal for failure to prosecute under Rule 41(b) is comparable to a default judgment and may constitute a basis for relief under Rule 60(b)(6)).

A notice of appeal does not divest the district court of jurisdiction if at the time it was filed there was then a pending motion for reconsideration. United Nat'l Ins. Co. v. R&D Latex Corp., 242 F.3d 1102, 1109 (9th Cir. 2001). Under Federal Rule of Appellate Procedure 4(a)(4)(B)(i), such a notice of appeal does not become effective, and the district court does not lose jurisdiction, until the district court rules on all motions for reconsideration filed no later than ten days after judgment is entered. Miller v. Marriott Int'l., Inc., 300 F.3d 1061, 1063-64 (9th Cir. 2002).

To seek Rule 60(b) relief during the pendency of an appeal, the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move the court of appeals, if appropriate, for remand of the case. Williams v. Woodford, 384 F.3d 567, 586 (9th Cir. 2004). A district court lacks jurisdiction to rule on a Rule 60(b) motion filed after a notice of appeal unless this procedure "to revest the district court with jurisdiction to consider [the] Rule 60(b)

motion" is followed. Id.

## DISCUSSION

Petitioner requests "an order to allow relief from a final judgment and request re-opening of [this] case." (Pet'r Mot. for Relief from J. at 1.) He alleges that Attorney Morris, the attorney appointed to represent his case on appeal before the Ninth Circuit, failed to address his "[§] 2244(d)(1)(D) certified issue." (Id. at 3.) However, Petitioner's motion for relief from judgment fails, because (1) this Court lacks jurisdiction; (2) his claim is precluded by the clear language of 28 U.S.C. § 2254(i); and (3) his motion is untimely under Rule 60(b)(6).

First, this Court lacks jurisdiction. Petitioner bases his motion for relief from judgment on the conduct and competency of an attorney appointed to represent him before the Ninth Circuit. None of the proceedings or filings or other events of which Petitioner complains took place before this Court. Further, Petitioner has not previously filed a motion for relief from this Court's March 7, 2005 judgment. Rather, after the judgment was issued, he filed an appeal with the Ninth Circuit, and he requested and received a certificate of appealability. At that point, this Court no longer had any jurisdiction to consider post-judgment pleadings. Petitioner's remedy in response to the Ninth Circuit's affirmance of this Court's decision was to petition the Ninth Circuit for panel rehearing or for rehearing en banc pursuant to the Federal Rules of Appellate Procedure 35(a) and 40(a). And, as mentioned above, Petitioner filed these petitions. However, the Ninth Circuit denied them as untimely. Accordingly, this Court cannot provide relief from its May 7, 2005 judgment under Rule 60(b) because it lacks the jurisdiction to do so.[1]

Second, even if this Court had jurisdiction, the clear language of 28 U.S.C. § 2254(i) precludes Petitioner's claim for relief from judgment on the basis of ineffective assistance of counsel during a post-conviction proceeding before the Ninth Circuit. Petitioner alleges that Attorney

---

[1] The Court need not reach Respondent's argument with respect to the law of the case doctrine. The Ninth Circuit did not remand Petitioner's case to this Court, and Petitioner does not seek to reopen any issues already adjudicated by this Court and affirmed by the Ninth Circuit. Rather, Petitioner seeks to challenge an issue -- denial of effective assistance of counsel -- that originated from his appeal and was decided by the Ninth Circuit during post-conviction proceedings. The law of the case doctrine therefore does not apply.

6

Morris failed to address a claim that he believed would warrant reversal of this Court's March 7, 2005 Order dismissing his petition as untimely. Petitioner argues that this failure on the part of Attorney Morris constituted "extraordinary circumstances" giving rise to relief under Rule 60(b)(6). However, § 2254(i) reads, "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). Petitioner's case arises under § 2254. Accordingly, having asked "for relief" under Rule 60(b)(6) on the "ground" of ineffective assistance of counsel, Petitioner has failed to offer a valid ground under the clear terms of § 2254.

Finally, even if Petitioner had a valid ground on which to base his motion, his request is untimely. Rule 60(c)(1) reads in part, "A motion under Rule 60(b) must be made within a reasonable time." The Ninth Circuit denied Petitioner's motion for reconsideration to file a late petition for panel rehearing and petition for rehearing en banc on July 27, 2009. Seventeen months later, on December 23, 2010, Petitioner filed the present motion. Petitioner fails to explain why he waited well over a year to bring his motion. In the absence of any compelling reason to disregard such a long delay, the Court finds that Petitioner's motion is untimely.

## **CONCLUSION**

For the foregoing reasons, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, the Court DENIES Petitioner's motion for relief from its March 7, 2005 judgment.

This Order terminates Docket no. 41.

IT IS SO ORDERED.

DATED: 8/17/11

*[signature]*
SAUNDRA BROWN ARMSTRONG
United States District Judge